# IN THE COURT OF APPEALS OF IOWA

No. 19-1179
Filed April 29, 2020

**MICHAEL B. WEATHERSPOON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Colleen D. Weiland, Judge.

Michael Weatherspoon appeals from the summary dismissal of his fifth postconviction-relief application. **AFFIRMED.**

Shawn Smith of The Smith Law Firm, PC, Ames, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**VAITHESWARAN, Presiding Judge.**

A jury found Michael Weatherspoon guilty of first-degree murder in connection with a stabbing in 1998. This court affirmed his judgment and sentence. *See State v. Weatherspoon*, No. 98-2214, 2000 WL 328056, at *3 (Iowa Ct. App. Mar. 29, 2000). We also affirmed the denial of several postconviction-relief applications. *See Weatherspoon v. State*, 16-0115, 2016 WL 5408155, at *2 (Iowa Ct. App. Sept. 28, 2016); *Weatherspoon v. State*, No. 13-0094, 2014 WL 250243, at *2 (Iowa Ct. App. Jan. 23, 2014); *Weatherspoon v. State*, No. 03-0498, 2005 WL 723882, at *2 (Iowa Ct. App. Mar. 31, 2005). This is an appeal from the summary dismissal of Weatherspoon's fifth postconviction-relief application.

Weatherspoon alleged in part that he "was denied a jury that represented a fair cross-section of the community" and the supreme court's recent opinion in *State v. Plain*, 898 N.W.2d 801, 829 (Iowa 2017), should afford him relief.[1] The State responded with a motion to dismiss, asserting the three-year statute of limitations generally applicable to postconviction-relief applications barred Weatherspoon's claim. *See* Iowa Code § 822.3 (2017). Weatherspoon countered that the *Plain* issue fell within an exception to the three-year time bar for a ground

---

[1] In *Plain*, the court applied the second prong of what has come to be known as the *Duren* test governing fair cross-section challenges. 898 N.W.2d at 827; *see Duren v. Missouri*, 439 U.S. 357, 364 (1979) (requiring a showing "that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community"). The court held "the district court made an error of law in concluding the absolute disparity test must be used in deciding whether the jury pool was drawn from a fair cross-section of the community." *Plain*, 898 N.W.2d at 829, *holding modified by State v. Lilly*, 930 N.W.2d 293 (Iowa 2019). The court further held "[p]arties challenging jury pools on the ground that they are unrepresentative may base their challenges on multiple analytical models." *Id.* at 827.

of law "that could not have been raised within the applicable time period." *Id.* The district court concluded Weatherspoon's claims were not time-barred but the grounds of law on which he relied, including *Plain*, could not be "applied retroactively" to afford him any relief.

On appeal, Weatherspoon argues "the district court committed an error of law" in summarily ruling that *Plain* did not apply retroactively. In his view, "the potential retroactivity of a statute or court decision is a disputed matter of fact until reported decisions of Iowa appellate courts conclude otherwise."

A reported decision of the Iowa Supreme Court recently concluded otherwise. In *Thongvanh v. State*, 938 N.W.2d 2, 12–14 (Iowa 2020), the court applied the federal framework for analyzing retroactivity set forth in *Teague v. Lane*, 489 U.S. 288 (1989). The court concluded, "*Plain*'s holding on the second prong of the *Duren* test constitutes a new rule under the *Teague* framework. However, because it is not a watershed rule of criminal procedure, it does not apply retroactively to cases on collateral review." *Thongvanh*, 938 N.W.2d at 14. The court also concluded the Iowa Constitution did not require retroactive application of *Plain* "to convictions that were already final at the time" *Plain* was decided. *Id.* at 16.

*Thongvanh* is controlling. The postconviction court did not err in summarily dismissing Weatherspoon's postconviction-relief application.

**AFFIRMED.**